UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDRICO PORTER, #32811-039,

        Petitioner,

v.                                                                            Case Number: 10-cv-12340
                                                                                                  Honorable Marianne O. Battani

CHRISTOPHER ZYCH,

       Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
TO DISMISS, THEREBY DISMISSING PETITIONER'S HABEAS PETITION**

**I. INTRODUCTION**

      Pending before the Court is Petitioner Fredrico Porter's petition for writ of habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a former federal inmate who was under the supervision of the Community Corrections Office in Milan, Michigan, filed his habeas petition on June 14, 2010. He was sentenced on January 25, 2007, by the United States District Court for the Eastern District of Michigan, the Honorable Denise Page Hood, presiding, to an eighty-four-month term of imprisonment and two years of supervised release for felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Pursuant to the Federal Bureau of Prisons Inmate Locator web site, Petitioner was released from the custody of the Bureau of Prisons on August 5, 2010.

      In his pleadings, Petitioner argues (1) that he should have been designated to home confinement rather than a Residential Reentry Center (RRC) and that he should have been placed in a different Center, and (2) that he should be released from his supervised release term. Respondent filed a motion to dismiss, arguing that Petitioner's habeas petition should be dismissed

because his first claim is moot and his second claim is not properly before the Court.[1] For the reasons stated, the Court will grant Respondent's motion and will dismiss Petitioner's first habeas claim as moot and will dismiss his second habeas claim as not properly before the Court.

## II. DISCUSSION

In his habeas petition, Petitioner argues that he should be immediately released from the RRC. From a reading of his petition, it appears that it is Petitioner's position that he should have been designated to home confinement rather than a RRC and that he should have been placed in a different RRC. He is also asking the Court to discharge him from his supervised release. Because Petitioner has been released from the custody of the Bureau of Prisons, the Court dismisses this claim as moot.

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Ford v. Wilder*, 469 F.3d 500, 504 (6th Cir. 2006) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). Petitioner's request that the Bureau of Prisons release him from community confinement is moot because he has been released from custody. *See also Demis v. Sniezek*, 558 F.3d 508 (6th Cir. 2009) (the petitioner's habeas petition challenging the Bureau of Prisons's refusal to transfer him to a CCC was dismissed as moot because the petitioner had been released from custody); *Powell v. Hemingway*, 37 F. App'x 768 (6th Cir. 2002) (§ 2241 petition moot when inmate is no longer incarcerated). Hence, because there is no longer a case or controversy, Petitioner's claim regarding his placement are moot. He has received the relief requested. Therefore, the Court dismisses this claim as moot.

---

[1]The Court also notes that Petitioner did not attempt to resolve the issues raised in this petition through the Bureau of Prisons's administrative remedy procedure.

2

Additionally, Petitioner argues that he is entitled to release from his supervised release term because of alleged defects in his criminal prosecution. It is well-established that claims made by federal prisoners who seek to challenged their convictions or imposition of their sentences must be filed in the sentencing court under 28 U.S.C. § 2255, and claims that seek to challenge the execution or manner in which the sentence is served must be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999); *see also United States v. Peter man*, 249 F.3d 458, 461 (6th Cir. 2001) (a petitioner challenging the legality of a sentence must bring his claim under § 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241). Because Petitioner is asking the Court to release him from his supervised release term, he is making a challenge to the imposition of his sentence, and his claim should be brought before the sentencing court. Challenges to supervised release are not properly brought in a § 2241 petition. *Watts v. Bogan*, 50 F.3d 11 (6th Cir. Mar. 14, 1994). Against that backdrop, the Court dismisses this claim.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that Petitioner's habeas petition [dkt. # 1] is **DISMISSED**. Since a certificate of appealability is not needed to appeal the dismissal of a habeas petition filed under § 2241, *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004), Petitioner need not apply for one with this Court or the Sixth Circuit before seeking to appeal this decision.

s/Marianne O. Battani<br>
MARIANNE O. BATTANI

DATED: <u>September 15, 2010</u>              UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

    I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail and upon the Respondent electronically.

                                                             s/Bernadette M. Thebolt

                                                             Case Manager